**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS O. COBB
Nevada Bar No. 8031
Email(s):  ghayes@tysonmendes.com
        tcobb@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant  WALMART, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL KOHLER MERCADO, an individual, | Case No. 2:26-cv-00010-RFB-EJY |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| DEFENDANT WALMART, INC. d/b/a WALMART SUPERSTORE #5070; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

The parties to this action, Defendant WALMART, INC. ("WALMART" or "Defendant") and Plaintiff MIGUEL KOHLER MERCADO ("Plaintiff") (collectively, the "Parties"), by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1.      The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure.***

2.      The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)      materials of Defendant and/or Defendant's organizational structure;

(b)      Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

1

(c)    Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d)    Any documents containing intellectual proprietary or property interests such as trade secrets (e.g. policies and procedures);

(e)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by (1) identifying said documents as confidential in Defendant's FRCP 26(a) disclosures and any supplements made thereto; (2) placing the following legend on the face of the document so designated "CONFIDENTIAL;" or (3) otherwise expressly identified as confidential via written correspondence. The parties shall make a designation only as to materials that it in good faith believes are confidential.

4.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.    Qualified recipients shall include only the following:

(a)    In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b)    The Court and its employees ("Court Personnel");

(c)    Deposition notaries and staff;

(d)    Copying, imaging and computer services for the purpose of copying, imaging, storing, or organizing documents;

(e)    Persons other than legal counsel who have been retained or specially employed by a party as a consulting or expert witness for purposes of this lawsuit or to perform investigative work or fact research;

2

(f)    Other consultants related to this litigation for the purposes of this litigation only, including focus groups, attorneys outside the firm, and video editors;

(g)    Special masters and/or mediators;

(h)    Deponents during the course of their depositions or potential witnesses of this case;

(i)    The parties to this litigation, their officers and professional employees; and

(j)    Other persons by written agreement of the parties.

6.    Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

A party shall not be obliged to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees, at any stage of these proceedings, with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the producing party must request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) business days after the producing party is served with said written notice. The burden of proving that information has been properly designated as CONFIDENTIAL is on the party making such designation.

7.    Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in

3

part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within  thirty (30) days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

8.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

9.    Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

10.    Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

11.    The parties acknowledge there is a presumption of public access to judicial files and records and that a party seeking to file a confidential document under seal must file a motion to seal.

12.    The parties acknowledge attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

13.    The parties submit the instant protective order to facilitate discovery exchanges. However, the parties acknowledge there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The parties acknowledge that they have not yet provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

**IT IS SO STIPULATED.**

Dated this 27th day of March, 2026.

**TYSON & MENDES LLP**

/s/ *Griffith Hayes*

GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS COBB
Nevada Bar No. 8031
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant Walmart, Inc.*

**IT IS SO ORDERED:**

Dated this 27th day of March, 2026.

**GINA CORENA & ASSOCIATES**

/s/ *Anna Smith*

GINA M. CORENA
Nevada Bar No. 10330
ANNA SMITH
Nevada Bar No. 16784
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __March 27, 2026__

5

## Misty Pettiford

| | |
|---|---|
| **From:** | Tyrus Cobb |
| **Sent:** | Friday, March 27, 2026 9:47 AM |
| **To:** | Misty Pettiford |
| **Cc:** | Stefania Rota Scalabrini |
| **Subject:** | FW: Mercado v. Walmart, Inc., et al Meet & Confer |



**From:** Anna Smith <anna@lawofficecorena.com>
**Sent:** Friday, March 27, 2026 8:42 AM
**To:** Tyrus Cobb <tcobb@tysonmendes.com>
**Cc:** Lina Leiwalo <lina@lawofficecorena.com>; Dina Rivera <dina@lawofficecorena.com>; Griffith Hayes <ghayes@TysonMendes.com>; Stefania Rota Scalabrini <SRotascalabrini@TysonMendes.com>
**Subject:** RE: Mercado v. Walmart, Inc., et al Meet & Confer

Hi Tyrus,

Great- you may attach my e-signature.

I hope you enjoy your weekend!

Best,
Anna Smith



**Anna Smith, Esq.**
Gina Corena & Associates
300 S. 4th Street, Suite 1400
Las Vegas, NV  89101
Office:  (702) 680-1111 ext. 108
Direct:  (702) 816-5355
Fax:      (888) 897-6507
anna@lawofficecorena.com

**From:** Tyrus Cobb <tcobb@tysonmendes.com>
**Sent:** Thursday, March 26, 2026 2:59 PM
**To:** Anna Smith <anna@lawofficecorena.com>

1