UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIGUEL KOHLER MERCADO,<br>Plaintiff,<br>v.<br>WALMART, INC. d/b/a WALMART SUPERSTORE #5070;<br>Defendants. | Case No. 2:26-cv-00010-RFB-EJY<br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Compel Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production, Responses to Plaintiff's Second Set of Interrogatories and Requests for Production, and for Sanctions (the "Motion" or "Motion to Compel"). ECF No. 18 (cleaned up). The Court considered the Motion, Defendant's Response (ECF No. 22), and Plaintiff's Reply (ECF No. 23). As a preliminary matter, the Court finds Plaintiff seeks attorney's fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A), not sanctions under Rule 37(b). The request for fees is discussed below.

## I. Background

As made clear by Plaintiff in his Reply, only one discovery request remains at issue; that is, Interrogatory No. 7 which Plaintiff contends lacks a full response. ECF No. 23 at 10. Despite the limited issue presented, the Court provides a short history of events as this history is relevant to consideration of attorney's fees.

On March 2, 2026, Plaintiff served his First Set of Interrogatories and Document Requests (sometimes "RFPs" and each an "RFP"). ECF No. 18-2 at 6-28. Defendant filed its responses to these requests on April 3, 2026, two days late. *Id.* at 37-40, 44-57. Three days later on April 6, 2026, Plaintiff emailed Defendant a detailed letter discussing response deficiencies. *Id.* at 80-90 (contending responses to Interrogatories 3, 5, 6, 7, 9, 11, 14, 15, 16, 18, 19, 20, 21, and 23 as well as RFPs 5, 8, 12, 14, and 24 were deficient).

Plaintiff served his Second Set of Interrogatories, containing Interrogatory 24, on April 7. ECF No. 18-2 at 93-99. Two days later, Plaintiff served his Second Set of Requests for Production of Documents. ECF No. 18-2 at 103-09. On May 7, the parties met and conferred regarding Plaintiff's first set of discovery requests at which time Defendant agreed to provide supplemental responses to each of the identified requests no later than May 13, 2026. ECF No. 18-2 at 121.

Missing this deadline by one week, Defendant served its Supplemental Response to Plaintiff's First Set of Interrogatories and RFP on May 20, 2026. ECF No. 22-4. While the Supplement provided additional responses to Interrogatories 5, 6, 7, 9, 11, 14, 15, 16, 19, 21, and 23 (mislabeled No. 19) and RFPs 5, 8, 12, and 14, Defendant did not supplement its responses to Interrogatories 3, 18, and 20 or RFPs 5 and 24. *Id*. at 5, 6, 8-9, 18-24, 28-30. On May 21, 2026, Plaintiff filed the instant Motion arguing Defendant's initial and supplemental responses to Interrogatories 3, 7, 11, 18, 20, and 21 and RFPs 5 and 24 were incomplete, evasive, and improper. ECF No. 18 at 9-15. Plaintiff also argued Defendant failed to provide any response to Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production. *Id.* at 15-16.

One day later, May 22, 2026, Defendant responded to Plaintiff's Second Set of Interrogatories. ECF No. 22-13. On May 28, 2026, Defendant served its Second Supplement to its Initial Disclosures addressing deficiencies identified by Plaintiff in RFPs 5 and 24. ECF No. 22-10. Almost two weeks after the Motion to Compel was filed, Defendant served its Second Supplemental Responses to Interrogatories 3, 7, 18, 20, and 21 and its Response to Plaintiff's Second Requests for Production. ECF Nos. 22-12 at 4, 6, 14, 16; 22-14 at 3-4.

Plaintiff's Reply makes clear that the only issue remaining arises from Defendant's failure to satisfactorily respond to Interrogatory No. 7. ECF No. 23 at 10. Nonetheless, Plaintiff seeks attorney's fees associated with bringing the Motion to Compel as, essentially, responses provided post-motion do not excuse the award of reasonable fees and costs under Rule 37(a)(5)(A).

## II. Discussion

### A. <u>Defendant's Response to Interrogatory No. 7 is Insufficient in Part</u>.

Fed. R. Civ. P. 26(b)(1) defines the scope of permissible discovery as including relevant matters that are proportional to the needs of the case. Relevance is "construed broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). To determine proportionality, courts examine "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiff argues Defendant's Supplemental Response failed to fully respond to Interrogatory No. 7 because, while Defendant identified "certain employees by name and title," Defendant did not provide the addresses and telephone numbers for each employee, failed to state whether each employee was on duty, and did not state what each employee was doing at the time of Plaintiff's fall. ECF No. 18 at 10. Plaintiff further contends Defendant's Second Supplemental Response did not fully cure these deficiencies.. The two incomplete responses that remain include: (1) Randy Miller's duty status; and (2) the last known home addresses for each employee Plaintiff identified. ECF No. 23 at 10.

The Court finds the statement that Randy Miller was "probably on duty" an incomplete or inadequate response. A business such as Walmart surely maintains time and attendance records that would allow it to determine if Mr. Miller was working on the date and at the time Plaintiff fell. Finding that information should not be burdensome or, said simply, disproportionate to the needs of the case as the information is solely in Walmart's possession, it is small request, Walmart demonstrated its ability to make this determination for other employees (*see* ECF No. 22-12 at 6-7), and Walmart fails to explain why it could not locate more specific information for Mr. Miller. If for some reason Walmart cannot locate information that will allow it to determine with reasonable certainty whether Mr. Miller was on duty, Walmart must state the same in the supplemental response to Interrogatory No. 7.

The Court denies Plaintiff's Motion to the extent it seeks an order from the Court compelling Walmart to provide individual employee home addresses. As the parties well know, a party represented by counsel cannot be contacted by an opposing party's attorney. Indeed, doing so would

be a violation of Nevada Rules of Professional Conduct Rule 4.2. This basic Rule is properly applied here. To the extent any individual witness identified by Plaintiff is not represented by Walmart's counsel, defense counsel must supplement its Interrogatory response to make this clear and, if not already provided, disclose the last known home addresses and phone numbers for such individuals.

B. Plaintiff's Request for Attorney's Fees is Granted in Part.

Fed. R. Civ. P. 37(a)(5)(A) states in relevant part that if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require … the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Exceptions to this Rule include if the moving party failed to attempt to resolve the failure before filing the motion, the opposing party was substantially justified in its failure to respond, or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, there is no factual dispute that Defendant did not fully respond to numerous Interrogatories until after the Motion to Compel was filed. *See* (1) ECF No. 22-10 at 6-11 served on May 28; (2) ECF Nos. 22-12 at 4, 14, 16 and 22-15 at 3 served on June 3; (3) ECF No. 22-14 at 3-4 served on June 3; and (4) ECF No. 22 at 11-12 served on June 4.[1] Further, no time did a response to RFP 5 or 24 include an objection based on the attorney client privilege or the work product doctrine. Instead, Defendant referenced these objections in its First Supplement to Initial Disclosures. ECF No. 22-9 at 6. After Plaintiff sent its deficiency letter (ECF No. 18-2 at 88, 90), Defendant produced a more robust privilege log in its Second Supplemental Initial Disclosure to which Plaintiff raised no objection. ECF No. 22-10 at 6-11.

In sum, the Court finds Defendant failed to provide any responses to some discovery, and complete responses to other discovery, until after Plaintiff's Motion to Compel was filed. There is no dispute that Plaintiff attempted to resolve the discovery deficiencies before the Motion was filed. And Defendant offers no justification (let alone substantial justification) for the failure to provide

---

[1] Defendant attempts to supplement its response to Interrogatory No. 11 by providing additional information in its Opposition to the Motion to Compel. This is insufficient to qualify as a verified supplemental response to an interrogatory. Below Defendant is ordered to supplement its response to Interrogatory No. 11 and verify the same in accordance with Rule 33.

timely and complete responses to Plaintiff's discovery requests. Finally, the Court finds there are no other circumstances that would make an award of fees unjust. Under Fed. R. Civ. P. 37(a)(5)(A), these facts support an award of attorney's fees associated with Plaintiff preparing the Motion to Compel and the Reply brief as those filing address Interrogatories 3, 7, 11, 18, 20, 21, and 24, and RFPs 5, 24, 25, and 26.

**III. Order**

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 18) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant must supplement its response to Interrogatory No. 7 by providing the duty status of Randy Miller or, if duty status cannot be determined, an explanation for why the information is not available.

IT IS FURTHER ORDERED that Defendant must also supplement its response to Interrogatory No. 11 with the information it provided in its Opposition to the Motion to Compel.

IT IS FURTHER ORDERED that Defendant must verify the supplemental response and serve the same on Plaintiff no later than September 14, 2026.

IT IS FURTHER ORDERED that Plaintiff is awarded reasonable attorneys' fees incurred in connection with preparing the Motion to Compel and the Reply in support thereof. Plaintiff must file a memorandum supporting the requested fees and costs, which must address the local rules and Ninth Circuit case law regarding such awards. The memorandum **must** be filed no later than twenty-one days after the entry of this Order. Defendants may respond no later than fourteen (14) days after the memorandum is filed. No reply is permitted.

Dated this 31st day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE